UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TRIMELL DUNBAR,                          :
               Petitioner       :
                                  :
         v.                                :   CASE NO. 1:15-CV-00473
                                  :
JAMES ECKARD, *et al.*,                   :
             Respondents    :

*M E M O R A N D U M*

I.        *Introduction*

        Presently before the court is Magistrate Judge Martin C. Carlson's report and recommendation (Doc. 21) to petitioner Trimell Dunbar's ("Dunbar") petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. No objections to the report and recommendation have been filed. For the reasons that follow, we will adopt Judge Carlson's report and recommendation to the extent it finds Dunbar's claims to be unexhausted, and we will dismiss the § 2254 petition.

II.       *Background*

        On April 29, 2008, a jury in the Luzerne County Court of Common Pleas convicted Dunbar of various drug-related offenses. Judge Carlson's report and recommendation provides a summary of the relevant facts giving rise to Dunbar's underlying conviction, as well as a thorough explanation of the state-court procedural history of this matter. (See Doc. 21 at 4-8).

On March 10, 2015, Dunbar filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In the petition, Dunbar alleges five overarching grounds for relief, each ground raising various claims within.  On November 7, 2017, Judge Carlson issued a report and recommendation (Doc. 21) to Dunbar's § 2254 petition.  Judge Carlson concluded that Dunbar's petition is untimely, and that Dunbar has failed to exhaust state court remedies with respect to claims contained therein.  Judge Carlson, therefore, recommended that Dunbar's petition be dismissed.  No parties have objected to the report and recommendation.

III.       *Discussion*

A.  <u>Standard of Review – Report and Recommendation</u>

When no party files timely objections to a magistrate judge's report and recommendation, "de novo review of the record and plenary consideration of the parties' contentions are *not* required."  <u>Cruz v. Chater</u>, 990 F.Supp. 375, 376 (M.D. Pa. 1998) (emphasis in original).   The Third Circuit has recognized, however, that "because adoption of the Report and Recommendation of a magistrate judge represents a final decision of the district court, the district judge should give 'some level of review to dispositive legal issues raised by the report.'"  <u>Id.</u> (quoting <u>Henderson v. Carlson</u>, 812 F.3d 874, 878 (3d Cir.), *cert. denied*, 484 U.S. 837 (1987)).  In conducting such review, the district court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  <u>Id.</u> at 377.

B.  <u>The Exhaustion of Dunbar's Claims</u>

We first address Judge Carlson's recommendation that Dunbar's § 2254 petition be dismissed on account of Dunbar's failure to exhaust any of the claims raised

therein. Having reviewed the record, we find no clear error in Judge Carlson's determination that Dunbar has failed to exhaust any of his claims. While it appears that a handful of the claims raised in the § 2254 petition were raised in a PCRA petition at the state level, Dunbar only presented those claims to the PCRA court, and he failed to raise them on appeal to the Superior Court of Pennsylvania. Thus, it cannot be said that he has invoked "one complete round" of the normal state appellate process with respect to any of those claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (holding that to satisfy the exhaustion doctrine, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking once complete round of the State's established appellate review process.").

Moreover, to the extent that Dunbar's unexhausted claims are incapable of further review in state court due to procedural default, we are still unable to review the claims because he has failed to allege any facts to demonstrate "cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." Harris v. Reed, 489 U.S. 255, 262 (1989) (internal quotation marks and citations omitted). While Dunbar does allege that his PCRA counsel was ineffective for failing to raise certain claims on appeal to the Superior Court, this would not excuse procedural default. While the Supreme Court has narrowly held that "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective of ineffective assistance of trial," Martinez v. Ryan, 566 U.S. 1, 9 (2012), the Third Circuit has declined to extend the Martinez holding to cases in which PCRA counsel's alleged ineffectiveness occurred on PCRA appeal rather than in initial-review proceedings. See Norris v. Brooks, 794 F.3d 401, 405 (3d Cir. 2015) (emphasizing that "Martinez made very clear that its [holding]

3

applies only to attorney error causing procedural default during initial-review collateral proceedings, not collateral appeals.").

>       C.  The Timeliness of Dunbar's § 2254 Petition

Because we have determined that the claims contained within Dunbar's § 2254 petition are unexhausted, we will not discuss Judge Carlson's analysis of the timeliness issue.

*IV.*        *Conclusion*

In conclusion, because the claims within Dunbar's § 2254 petition are unexhausted, the petition shall be dismissed.  An appropriate order will follow.